IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**QATONIOUS LEE SIRKANEO**
**ADC #105681**                                                                                                          **PLAINTIFF**

v.                                        Case No. 4:23-cv-00419-KGB

**DEXTER PAYNE, Director,**
**Arkansas Division of Corrections**                                                            **DEFENDANT**

## ORDER

Before the Court is the Recommended Disposition ("Recommendation") submitted by United States Magistrate Judge Edie R. Ervin (Dkt. No. 32). Judge Ervin recommends that the Court dismiss petitioner Qatonious Lee Sirkaneo's 28 U.S.C. § 2254 amended petition for writ of *habeas corpus* (Dkt. No. 11). Mr. Sirkaneo filed objections to the Recommendation (Dkt. No. 35). After careful review of the Recommendation, a *de novo* review of the record, and a review of the objections, the Court adopts the Recommendation as its findings in all respects (Dkt. No. 32).

**I.      The Recommendation And Objections**

Claims 1(a)-(e) of Mr. Sirkaneo's amended petition assert ineffective assistance of direct appeal counsel for failing to raise the following claims:

a.  Ineffective assistance of pretrial counsel for failure to move to suppress evidence seized pursuant to an unlawful arrest and failure to investigate alternative suspects (Dkt. No. 11, at 5–6);

b.  Prosecutorial misconduct based on improper closing arguments (*Id.*, at 7);

c.  Trial error for violation of Mr. Sirkaneo's Confrontation Clause rights (*Id.*, at 9);

d.  Trial error for denying a competency evaluation (*Id.,* at 10); and

    e.   Trial error for finding that Mr. Sirkaneo knowingly and intelligently waived his right to trial counsel (*Id.*).

Judge Ervin recommends that claim 1(a)-(e) be dismissed with prejudice because Mr. Sirkaneo procedurally defaulted on these claims and asserts no new, reliable evidence of actual innocence to justify a merits review of these claims (Dkt. No. 32, at 9-13).  In his objections, Mr. Sirkaneo argues that, if his claims asserting ineffective assistance of appellate counsel are procedurally defaulted, this default is itself the result of the ineffective assistance of appellate counsel (Dkt. No. 35, at 1-9).  Mr. Sirkaneo further argues that the Court should hear these claims due to his actual innocence because insufficient evidence was presented by the prosecution to support his guilt (*Id.*).  After a careful review of the Recommendation, a *de novo* review of the record, and a review of the objections, the Court finds that Mr. Sirkaneo's objections break no new ground and fail to rebut the Recommendation.  The Court adopts Judge Ervin's recommendation with respect to claims 1(a)-(e) and dismisses with prejudice these claims.

Claim 1(f) of Mr. Sirkaneo's amended petition asserts ineffective assistance of direct appeal counsel for failing to raise the claim of insufficient evidence to support conviction (Dkt. No. 11, at 10).  Judge Ervin recommends that Claim 1(f) be dismissed with prejudice because the Arkansas Supreme Court's decision rejecting this claim on the merits is entitled to deference under 28 U.S.C. § 2254(d) (Dkt. No. 32, at 13-16).  In his objections, Mr. Sirkaneo reiterates his argument that there was insufficient evidence to support his convictions (Dkt. No. 35, at 4-9).  After a careful review of the Recommendation, a *de novo* review of the record, and a review of the objections, the Court finds that Mr. Sirkaneo's objections break no new ground and fail to rebut the Recommendation.  The Court adopts Judge Ervin's Recommendation with respect to claim 1(f) and dismisses with prejudice this claim.

Claim 2 of Mr. Sirkaneo's amended petition asserts that there was insufficient evidence to support his conviction (Dkt. No. 11, at 11-22).  Judge Ervin recommends that Claim 2 be dismissed with prejudice because the Arkansas Supreme Court's decision rejecting this claim on the merits is entitled to deference under 28 U.S.C. § 2254(d) (Dkt. No. 32, at 17).  In his objections, Mr. Sirkaneo asserts that the claim should not be dismissed and that the claim is not procedurally barred (Dkt. 35, at 9).  After a careful review of the Recommendation, a *de novo* review of the record, and a review of the objections, the Court finds that Mr. Sirkaneo's objections break no new ground and fail to rebut the Recommendation.  The Court adopts Judge Ervin's Recommendation with respect to claim 2 and dismisses with prejudice this claim.

Claim 3 of Mr. Sirkaneo's amended petition asserts prosecutorial misconduct based on improper closing argument, knowing presentation of false testimony, and withholding evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963) (Dkt. No. 11, at 23).  Judge Ervin recommends that Mr. Sirkaneo's three arguments in claim 3 be dismissed with prejudice (Dkt. No. 32, at 17-25).  Judge Ervin concludes regarding the first two arguments that they are procedurally defaulted and that Mr. Sirkaneo has failed to show cause and prejudice to excuse the procedural default (*Id.*, at 17-24).  Judge Ervin concludes regarding the third argument in support of claim 3 that Mr. Sirkaneo suffered no prejudice due to the alleged *Brady* violation (*Id.*, at 24-25).  In his objections, Mr. Sirkaneo argues that any procedural default was due to the ineffective assistance of appellate counsel and reiterates his arguments that the prosecution made improper arguments, knowingly presented false testimony, and withheld evidence (Dkt. No. 35, at 9-14).  After a careful review of the Recommendation, a *de novo* review of the record, and a review of the objections, the Court finds that Mr. Sirkaneo's objections break no new ground and fail to rebut the Recommendation.

3

The Court adopts Judge Ervin's Recommendation with respect to claim 3 and dismisses with prejudice this claim.

Claim 4 of Mr. Sirkaneo's amended petition asserts a Fourth Amendment violation resulting from the introduction of evidence obtained as a result of an illegal arrest (Dkt. No. 11, at 27-29). Judge Ervin recommends that claim 4 be dismissed with prejudice because Mr. Sirkaneo's allegations show that he received a full and fair review of his Fourth Amendment claim in state Court and because the claim is therefore not cognizable in this federal habeas action (Dkt. No. 32, at 25-26). In his objections, Mr. Sirkaneo argues the merits of his Fourth Amendment claim and argues that the trial court did not conduct a full and fair review of is Fourth Amendment claim (Dkt. No. 35, at 14-17). Mr. Sirkaneo states in his objections that, while he did file a motion to suppress, "[t]he trial judge ignored the defendants['] inquiries. And the motions have not still been deposive [sic] of" (*Id.*, at 15).

Mr. Sirkaneo filed a motion to suppress, and the evidence he sought to suppress was admitted into evidence at trial (Dkt. Nos. 27, at 13-14; 35, at 15). Mr. Sirkaneo's previous filings appeared to indicate that he received a full and fair hearing on this claim (Dkt. No. 27, at 13-14). Mr. Sirkaneo did not raise this argument that the trial court never ruled on his motion to suppress on direct appeal (Dkt. Nos. 18-9; 18-11). If the Court is correct in understanding Mr. Sirkaneo's objections to allege that the trial court never decided his motion to suppress, then Mr. Sirkaneo failed to exhaust his state remedies with regard to this claim. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842–43 (1999). After a careful review of the Recommendation, a *de novo* review of the record, and a review of the objections, the Court finds that Mr. Sirkaneo's objections fail to rebut the Recommendation. The Court adopts Judge Ervin's Recommendation with respect to claim 4 and dismisses with prejudice this claim.

4

Claim 5 of Mr. Sirkaneo's amended petition asserts a due process violation resulting from the entry of judgment without a jury determination regarding accomplice liability (Dkt. No. 11, at 30). Judge Ervin recommends that claim 5 be dismissed with prejudice because the claim is procedural defaulted and because Mr. Sirkaneo fails to demonstrate either cause or prejudice to excuse the default (Dkt. No. 32, at 26-27). In his objections, Mr. Sirkaneo reiterates his assertion that his right to due process was violated because the jury did not return the accomplice liability verdict forms (Dkt. No. 35, at 17-18). After a careful review of the Recommendation, a *de novo* review of the record, and a review of the objections, the Court finds that Mr. Sirkaneo's objections break no new ground and fail to rebut the Recommendation. The Court adopts Judge Ervin's Recommendation with respect to claim 5 and dismisses with prejudice this claim.

Claim 6 of Mr. Sirkaneo's petition asserts that the Arkansas Supreme Court undertook insufficient appellate review mandated under Arkansas Supreme Court Rule 4-3(i) (Dkt. No. 11, at 31-32). Judge Ervin recommends that this claim be dismissed because it is not cognizable in this federal habeas action (Dkt. No. 32, at 27-28). In his objections, Mr. Sirkaneo reiterates his argument that that the review conducted by the Arkansas Supreme Court pursuant to Rule 4-3(i) was flawed (Dkt. No. 35, at 18). After a careful review of the Recommendation, a *de novo* review of the record, and a review of the objections, the Court finds that Mr. Sirkaneo's objections break no new ground and fail to rebut the Recommendation. The Court adopts Judge Ervin's Recommendation with respect to claim 6 and dismisses with prejudice this claim.

Claim 7 of Mr. Sirkaneo's petition asserts actual innocence (Dkt. No. 11, at 33-34). Judge Ervin recommends that this claim be dismissed because, while it is not resolved whether such a claim is cognizable, even if it were cognizable Mr. Sirkaneo's actual innocence claim would fail on the merits (Dkt. No. 32, at 28-29). In his objections, Mr. Sirkaneo argues again that the evidence

presented at trial was insufficient to support his conviction (Dkt. No. 35, at 19-20). After a careful review of the Recommendation, a *de novo* review of the record, and a review of the objections, the Court finds that Mr. Sirkaneo's objections break no new ground and fail to rebut the Recommendation. The Court adopts Judge Ervin's Recommendation with respect to claim 7 and dismisses with prejudice this claim.

## II.     Conclusion

After careful review of the Recommendation and Mr. Sirkaneo's objections, and a *de novo* review of the record, the Court adopts the Recommendation in its entirety as this Court's findings in all respects (Dkt. No. 32). The Court denies Mr. Sirkaneo's claims for relief in his amended 28 U.S.C. § 2254 petition for writ of *habeas corpus* and dismisses with prejudice the petition (Dkt. No. 11). The Court declines to issue a certificate of appealability. Mr. Sirkaneo may still apply to the Eighth Circuit for a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B).

The Court grants Mr. Sirkaneo's motion for status update and provides this Order as an update on the status of this case (Dkt. No. 36).

It is so ordered this 9th day of September, 2024.

*[signature: Kristine G. Baker]*

Kristine G. Baker
Chief United States District Judge